IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

01 MAR 21 AM 9:49

U.S. DISTRICT COURT
N.D. OF ALABAMA

MELODY PAYNE,

    Plaintiff,

vs.                               CASE NO. CV-00-J-1877-NE

LABORATORY CORPORATION OF
AMERICA HOLDINGS,

    Defendant.

ENTERED

MAR 21 2001

### MEMORANDUM OPINION

Pending before the court is the defendant's motion for summary judgment (doc. 9), to which the plaintiff has not responded.[1]

### I. Factual Background

Plaintiff commenced this action on July 19, 1999, by filing a complaint in the Circuit Court for Jackson County, Alabama, alleging that she was terminated from her employment with Jackson County Hospital as a registered nurse due to a random drug test she took resulting in a finding positive for cocaine. Complaint at ¶¶ 1, 2, 5. The plaintiff alleges the positive reading stems from her urine being mixed with someone else's before the sample was delivered to the defendant for testing.[2] *Id.* at ¶ 3. Before this case was removed to this

---

[1] A summary judgment scheduling order was entered by this court on July 27, 2000, which set forth time limits for responding to such motions.

[2] Later testing confirmed that the specimen it received was consistent with a mixture of DNA from more than one individual. *See* defendant's brief in support at 4, fn. 3; plaintiff depo. at 38-39, 67-69.

11

court, the plaintiff apparently entered a settlement with Jackson County Hospital and individual defendants, creating diversity among the remaining parties. *See* defendant's brief in support at 2, plaintiff depo. at 83-85.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ. Pro 56(e). In meeting this

2

burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991).

### III. Legal Analysis

The plaintiff makes no specific allegations in her complaint against this sole remaining defendant. She sues for negligence, wantonness, and libel and slander. The court notes from the complaint that the only allegation the plaintiff makes of false communications to a third party is that Jackson County Hospital, and not this defendant, communicated to the State of Alabama Department of Industrial Relations and the Alabama Board of Nursing that the plaintiff tested positive for cocaine. Complaint at ¶ 6; plaintiff depo. at 40-41, 103, 107. Because of the failure to state a claim for libel or slander against this defendant, the court finds that judgment must be entered in favor of the defendant and against the plaintiff on Count III of the plaintiff's complaint.

Similarly, the court finds that the plaintiff alleges the contamination of her urine sample occurred before its delivery to defendant for testing. Complaint at ¶ 3. The sample was requested and collected by Joyce Arnold, a hospital employee. Plaintiff depo. at 29-30, 34, 56-63. As such, the defendant could not have been negligent or wanton in the collection

of the specimen. The plaintiff makes no allegation that the testing process itself was faulty, or that this defendant was in any way negligent.[3] *See id.* at 102. The plaintiff testified that after she gave the sample to Ms. Arnold, she has no idea what happened to it. *Id.* at 78. The plaintiff also admitted further testing by a different lab produced the same results as the defendant's testing did. *Id.*

The court finds that the plaintiff has produced no evidence to support her contentions of negligence and wantonness against this defendant in Counts I and II of her complaint. The court finds as a matter of law that Counts I and II of the complaint must be dismissed for failure to produce any evidence to create a genuine issue of material fact on these counts of the complaint.

## IV. Conclusion

The plaintiff has wholly failed to present any evidence to this court that the defendant's motion for summary judgment should not be granted. The court finds that defendant has satisfied its burden of affirmatively demonstrating the absence of a genuine issue of material fact. *See United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437-38 (11th Cir.1991). The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark*, 929 F.2d at 608. The plaintiff has not demonstrated the same.

---

[3] In fact, when plaintiff had blood drawn for further drug testing as an attempt to be rehired, the defendant again did the testing and the results were negative for any drug use. Plaintiff depo. at 74, 76-77.

In consideration of the foregoing, the Court **GRANTS** the defendant's motion for summary judgment. It is therefore **ORDERED, ADJUDGED** and **DECREED** that judgment be and hereby is entered in favor of the defendant and against the plaintiff on all counts of the plaintiff's complaint, each party to bear its own costs.

**DONE** and **ORDERED** this the 21 day of March, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE